■ ARNOLD K. DAVIS & CO., INC., Appellant, v ROBERT A. LUDEMANN et al., Respondents.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered December 12, 1989, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

Plaintiff Arnold K. Davis & Co., Inc., a general insurance broker, commenced an action for injunctive relief and monetary damages against defendants Robert A. Ludemann and Marine Risks, Inc. (Marine) alleging misappropriation by said defendants of a customer list purchased by plaintiff for $715,009.20 from another general insurance broker, H.S. Lowenthal & Co., Inc. (Lowenthal). Mr. Ludemann was hired by codefendant Marine as a salaried employee in a nonbrokerage

position following his termination, in May 1989, from plaintiff's employment. Among the reasons for his termination was his refusal to sign a noncompetition agreement.

While employed by plaintiff as a broker, Mr. Ludemann managed the 560 customer accounts purchased by it from Lowenthal in May 1988. Mr. Ludemann, a former Lowenthal employee for 10 years, began his employment with plaintiff in or about March 1985, following an agreement between plaintiff and Lowenthal calling for plaintiff to service Lowenthal's customer accounts.

While working for Marine, Mr. Ludemann, on one occasion, sent out identically worded letters, together with his personal business card, to 44 former Lowenthal accounts to alert them of his relocation. Mr. Ludemann avers that he recalled the identities and requirements of the former Lowenthal customers by memory, which was founded upon his approximately 15 years of service in handling such accounts.

Based upon these facts, together with plaintiff's unsubstantiated "belief" that Mr. Ludemann wrongfully misappropriated its customer list, as well as its associated files, plaintiff moved to preliminarily enjoin the defendants' further use of the list on the grounds that it constitutes a trade secret.

A movant for injunctive relief must demonstrate: (1) a likelihood of success on the merits; (2) irreparable injury absent the granting of a preliminary injunction; and (3) that a balancing of equities favors the movants *(Grant Co. v Srogi,* 52 NY2d 496). Plaintiff has failed to establish each of these essential injunctive relief requirements.

Plaintiff has not shown a likelihood of success on the merits. Initially, it is noted that an insurance company's customer list is generally not considered to be a trade secret *(Levine v Bochner,* 132 AD2d 532). Moreover, where an "employee engage[s] in no wrongful conduct and the names and addresses of potential customers [are] readily discoverable through public sources, an injunction [will] not lie" *(Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 308). Additionally, the use of information about an employer's customers which is based on casual memory (as alleged by Mr. Ludemann herein) is not actionable *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 391).

Plaintiff's allegations fail to establish that Mr. Ludemann pirated the list by means of a physical taking or "studied" memorization *(see, Leo Silfen, Inc. v Cream,* 29 AD2d, *supra,* at 395). The record supports the IAS finding that Ludemann, who had serviced the Lowenthal accounts for some 15 years,

contacted the Lowenthal customers on the basis of his recollection, rather than a misappropriated list.

Additionally, while plaintiff argues that two thirds of its customer list is comprised of "screened" individual accounts, rather than business accounts, and that such confidential individual accounts are not readily discoverable through public sources, plaintiff presents no proof to show that Ludemann in fact contacted individual account holders. Moreover, plaintiff failed to establish that the information used by Ludemann was anything other than information which could be obtained by any insurance agent reviewing the accounts in issue (see, Levine v Bochner, 132 AD2d, supra, at 533).

Because plaintiff's allegations fail to establish either the confidential nature of the customer list or that Ludemann wrongfully misappropriated the list, plaintiff has not met its burden of establishing a likelihood of success on its underlying claim.

Nor has plaintiff demonstrated that it will suffer irreparable harm if an injunction is not granted. While the record indicates the former Lowenthal accounts comprised one quarter of plaintiff's over-all business, Mr. Ludemann only contacted 44 of the approximately 560 former Lowenthal customer accounts once, by letter, to inform them of his relocation. By plaintiff's own approximation, only 6 of the 44 customers contacted by Ludemann have left plaintiff. Additionally, the record contains evidence that two of the six former customers of plaintiff left on account of their dissatisfaction with plaintiff's services.

Finally, a balancing of the equities preponderates in Mr. Ludemann's favor. An injunction would preclude Ludemann from calling upon his experience, knowledge, friendships and expertise in dealing with persons serviced by him for some 15 years, in an unprotected area of the insurance industry (see, Leo Silfen, Inc. v Cream, 29 NY2d, supra, at 395). The record indicates Ludemann stole nothing from plaintiff, that the customer accounts were not a trade secret, and that Ludemann relied upon his knowledge and experience to make a limited contact with former customers of Lowenthal. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.