[631 NYS2d 522]

In the Matter of CARL MIONE (Admitted as CARL NICHOLAS MIONE), an Attorney, Resignor.

Second Department, September 11, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for Grievance Committee for the Second and Eleventh Judicial Districts.

*Richard A. Izzo,* Brooklyn, for resignor.

## OPINION OF THE COURT

Per Curiam.

Carl Mione has submitted an affidavit dated June 19, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Mione was admitted to the practice of law by the Appellate Division of the Supreme

Court, Second Judicial Department, on December 21, 1955, under the name Carl Nicholas Mione.

Mr. Mione acknowledges that he is the subject of a pending investigation by the Grievance Committee into a complaint alleging that he has been guilty of mishandling assets of the Estate of James Manno, which he had been representing, resulting in losses of over $750,000. Mr. Mione acknowledges his inability to defend himself against any charges predicated upon the misconduct under investigation.

Mr. Mione's proffered resignation indicates that it is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Mr. Mione further acknowledges the continuing jurisdiction of this Court to make such an order. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Mione indicates that he is submitting his resignation freely and voluntarily and that he is not being subjected to coercion or duress by anyone. He is fully aware of the implications of submitting his resignation.

In a letter accompanying the proffered resignation, Mr. Mione's counsel represented that prior to the filing of the complaint, Mr. Mione signed a promissory note and an affidavit of confession of judgment reflecting an indebtedness to the Estate of James Manno in the sum of $1,000,883.26, representing principal and interest due. Mr. Mione has already paid a portion of the acknowledged debt and has proposed a schedule and various methods of payment.

Counsel for the Grievance Committee urges acceptance of the proffered resignation. Under the circumstances, the resignation of Carl Mione as a member of the Bar is accepted and directed to be filed. Accordingly, Carl Mione is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

SULLIVAN, J. P., THOMPSON, SANTUCCI, JOY and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Carl Mione is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl Mione is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Carl Mione shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl Mione is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Carl Mione is directed to make restitution in the amount set forth to the following party whose money or property was willfully misappropriated or misapplied, less the amount already paid or the amount of any awards to that party by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

Estate of James Manno in the sum of $1,000,883.26; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.