◼ CHILDREN'S VILLAGE et al., Respondents, v GREENBURGH ELEVEN TEACHERS' UNION FEDERATION OF TEACHERS, LOCAL 1532, AFT, AFL-CIO, et al., Appellants. [671 NYS2d 504] —In an action for a declaratory judgment and injunctive relief, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 25, 1997, which denied their motion for partial summary judgment dismissing so much of the complaint as sought injunctive relief, and (2) an order of the same court entered April 9, 1997, which granted the plaintiffs' motion for an injunction limiting the defendants' right to picket and distribute leaflets outside the Crowne Plaza Hotel in Manhattan on April 10, 1997.

Ordered that the order entered March 25, 1997, is affirmed; and it is further,

Ordered that the appeal from the order entered April 9, 1997, is dismissed as academic; and it is further,

Ordered that respondent is awarded one bill of costs.

We agree with the Supreme Court that the defendant Green-

burgh Eleven Teachers' Union Federation of Teachers, Local 1532, AFT, AFL-CIO (hereinafter the Union) failed to prove that it was entitled to summary judgment dismissing so much of the complaint as seeks a permanent injunction, enjoining the Union from picketing the plaintiffs' annual "Work Appreciation for Youth" (hereinafter WAY) dinners. The fact that an injunction issued to shield the emotionally-disturbed boys who reside at Children's Village from the conflict between the administration of Children's Village and the Union would restrict the Union's speech regarding the labor/management dispute, does not, standing alone, demonstrate that such injunctive relief would be content or viewpoint based in violation of the First Amendment (*see, Schenck v Pro-Choice Network*, 519 US 357, 383-385; *Madsen v Women's Health Ctr.*, 512 US 753, 763). The interest of Children's Village in protecting its residents from exposure to the conflict which could cause them emotional harm is significant and unrelated to the content of the speech and, therefore, narrowly tailored restrictions designed to serve that purpose are content neutral, even though they may affect some speakers and messages, but not others (*see, Ward v Rock Against Racism*, 491 US 781, 791, citing *Renton v Playtime Theatres*, 475 US 41, 47-48).

As the 1997 WAY dinner has already occurred, the appeal from the order entered April 9, 1997, which granted the plaintiffs injunctive relief limiting the Union's right to picket that event, is academic, and the issues raised thereby do not warrant invocation of an exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.