■ In the Matter of PATRICIA GAUDETTE, Respondent, v DONALD GAUDETTE, Appellant. [691 NYS2d 681] —Mikoll, J. P. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered May 29, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

Petitioner and respondent were married in 1979. There are three issue of the marriage; Matthew (born in 1980), Jessica (born in 1982) and Stephanie (born in 1984). Pursuant to a stipulation of the parties, a Family Court order was entered, and subsequently amended, which, *inter alia*, granted the parties joint custody of their children, with petitioner having primary custody, and set out visitation rights for respondent. A divorce was granted to the parties in 1994 and the Family Court stipulation was incorporated into, but not merged with, the judgment of divorce (*see, Gaudette v Gaudette*, 234 AD2d 619, 620, *appeal dismissed* 89 NY2d 1023).

In October 1996, petitioner commenced this proceeding seeking sole custody of the children and modification of respondent's visitation schedule on the ground that a change of circum-

stances had occurred based on a breakdown of communication between the parties. Following a hearing, Family Court awarded petitioner sole custody of the children after finding, *inter alia*, that joint custody was not feasible because of the parties' acrimonious relationship and their inability to cooperate in raising the children. Subsequently, an order was entered to that effect which also modified respondent's visitation schedule. Respondent appeals.

Respondent contends that there were insufficient grounds to warrant modification of the prior joint custody arrangement in that, he urges, petitioner failed to make a showing of a substantial change in circumstances and that modification was not in the best interests of the children. He claims that their relationship is substantially unchanged from the time of the original order and, therefore, the current situation does not represent a substantial change in circumstances. We disagree and affirm the order.

Where a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children (*see, Matter of Risman v Linke*, 235 AD2d 861, 862). The record fully supports Family Court's determination that the continued deterioration of the parties' relationship is a significant change in circumstances justifying a change in custody. The numerous court petitions filed by the parties against one another, annoying letters, and the issuance of an order of protection against respondent after a harassing incident at petitioner's home, together with the heightened spiteful relationship between the parties, as illustrated by their testimony, provide a sound and substantial basis in the record for the determination. Further, because Family Court is in a uniquely qualified position to assess the state of the parties relationship, we defer to Family Court's assessment as it has a sound and substantial basis in the record (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813).

The modification of respondent's visitation with the children, who were 16, 15 and 13 years old at the time of the hearing, accommodates their changing lifestyles and wishes, and yet gives respondent sufficient opportunity for reasonable visitation with them.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.