■ H. MEER DENTAL SUPPLY COMPANY, Respondent, v FRANCESCO COMMISSO et al., Appellants. [702 NYS2d 463] —Cardona, P. J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered November 19, 1998 in Albany County, which granted plaintiff's motion for a preliminary injunction.

Between February 1996 and August 1998, defendants Francesco Commisso and Mark Musto (hereinafter the individual defendants) were employed as sales representatives by plaintiff, a dental supply company, in its Albany office. In connection therewith, they executed written employment agreements which contained restrictive covenants. After resigning on August 17, 1998, the individual defendants became employed by defendant Patterson Dental Company, one of plaintiff's direct competitors. They opened a new office for Patterson in the same complex as plaintiff's office and were joined by other former employees of plaintiff, resulting in the closing of plaintiff's Albany office.

Plaintiff commenced this action against the individual defendants and Patterson alleging various causes of action and seeking, inter alia, injunctive relief. On November 10, 1998, Supreme Court granted a preliminary injunction and enjoined the individual defendants from competing with plaintiff until the expiration of the 120-day period set forth in the restrictive

covenants. The court further enjoined defendants during the pendency of the action from using any information taken from plaintiff including, but not limited to, "customer lists, inventory lists, price lists, ordering frequency information and other proprietary information". Defendants appeal.

Initially, both individual defendants signed written employment agreements which contained restrictive covenants providing that: "EMPLOYEE expressly covenants, promises, and specifically agrees that EMPLOYEE will not, for a period of 120 days after EMPLOYEE's employment, directly or indirectly be employed by, own, operate, or participate in a dental supply and/or equipment business within * * * [a] 100 mile radius of Albany, N. Y." Inasmuch as more than 120 days has expired since the cessation of the individual defendants' employment, defendants' appeal from that part of the order based upon the above limitation is moot (see, Dick Co. v Froschauer, 141 AD2d 905; see also, Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, 249 AD2d 433, 434). Under the circumstances presented, we perceive no exceptions to the mootness doctrine that would lead us to reach the merits of this issue (see, Matter of Anonymous [Boggs] v New York City Health & Hosps. Corp., 70 NY2d 972, 974).

As to the remainder of the order in which Supreme Court prohibited defendants from using specific information during the pendency the action, plaintiff has not, in our view, made the showing necessary to warrant such relief. "It is the general rule that a preliminary injunction is a drastic remedy and should be issued cautiously" (Jarvis Assocs. v Stotler, 216 AD2d 649, 650). To be entitled to a preliminary injunction, the party seeking such relief must demonstrate "(1) the likelihood of success on the merits; (2) irreparable injury absent granting the preliminary injunction; and (3) a balancing of the equities" in that party's favor (Grant Co. v Srogi, 52 NY2d 496, 517; see, Matter of McGrath v Town Bd., 254 AD2d 614, 616, lv denied 93 NY2d 803).

Based upon this record, we find that plaintiff has failed to make the requisite showing. Plaintiff's complaint alleges causes of action for, inter alia, breach of fiduciary duty, misappropriation of trade secrets, tortious interference with prospective business relations and unfair competition which are based upon the individual defendants' alleged taking of confidential information concerning plaintiff's customers and use of the information in their employment with Patterson. More particularly, plaintiff has indicated that the subject information

consists of plaintiff's "confidential customer list[s] * * * precise discounts given * * * to * * * customers * * * pricing book and information * * * and * * * usage reports * * * detail-[ing] ordering and purchase histories".

We note that customer lists are generally not considered confidential information (*see, Davis & Co. v Ludemann*, 160 AD2d 614, 615; *Cool Insuring Agency v Rogers*, 125 AD2d 758, 759, *appeal dismissed* 69 NY2d 1037). We also note that "[i]n order to establish * * * confidential customer information status, it [is] incumbent upon plaintiff to demonstrate that its customers are not known in the trade and are discoverable only by extraordinary efforts" (*Empire Farm Credit v Bailey*, 239 AD2d 855, 856). Plaintiff has failed to prove that such information is not readily discoverable through public sources. As to the remaining information, plaintiff has not put forth sufficient evidentiary proof to show what specific data the individual defendants misappropriated or used in their employ with Patterson. Although plaintiff submitted computer records revealing that Musto downloaded some information around the time he resigned from plaintiff, the records do not disclose the nature of the information. Under the circumstances, we conclude that a preliminary injunction should not have been issued and, therefore, must be vacated (*see, Business Networks v Complete Network Solutions*, 265 AD2d 194; *Davis & Co. v Ludemann, supra; Cool Insuring Agency v Rogers, supra*).

Mercure, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to defendants, by reversing so much thereof as enjoined defendants during the pendency of the action from using information, including but not limited to customer lists, inventory lists, price lists, ordering frequency information and other proprietary information; motion denied and preliminary injunction vacated; and, as so modified, affirmed.