■ Delor Corp., Appellant, v Quigley, Langer, Hames, Perlmutter, Mankes & Nuskind, Partnership, et al., Respondents, et al., Defendants. [732 NYS2d 252] —In an action, *inter alia*, for a judgment declaring that the defendant Advanced Healthcare Resources, Inc., must perform and abide

by the terms of a certain letter agreement dated July 17, 1995, the plaintiff appeals (1) from a decision of the Supreme Court, Suffolk County (Werner, J.), dated May 10, 2000, and (2), as limited by its brief, from so much of an order and judgment (one paper) of the same court, entered June 1, 2000, as denied that branch of its cross motion which was for summary judgment on its fourth cause of action for a declaratory judgment and on its fifth cause of action for a permanent injunction enjoining the defendant Advanced Healthcare Resources, Inc., from voting for the removal of the plaintiff as general partner of the partnership known as Patchogue Leasing Associates, L.P., and, upon searching the record, granted partial summary judgment to the defendant Advanced Healthcare Resources, Inc., dismissing the plaintiff's fourth and fifth causes of action insofar as asserted against that defendant.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the appeal from so much of the order and judgment as denied that branch of the plaintiff's motion which was for summary judgment on the fifth cause of action and, upon searching the record, granted partial summary judgment to the defendant Advanced Healthcare Resources, Inc., dismissing that cause of action is dismissed as academic; and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff was general partner in the partnership known as Patchogue Leasing Associates, L.P. In July 1995 Sonal Corporation (hereinafter Sonal), a limited partner, purchased additional shares in the partnership. Sonal allegedly signed a letter agreement dated July 17, 1995, agreeing not to vote for the removal of the plaintiff as general partner. Thereafter, the defendant Advanced Healthcare Resources, Inc. (hereinafter Advanced), merged with Sonal. The limited partners then called a special meeting for the purpose of voting to remove the plaintiff as general partner. The plaintiff commenced this action seeking, *inter alia*, a judgment declaring that Advanced must perform and abide by the terms of the letter agreement, and to permanently enjoin it from voting to remove the plaintiff as general partner.

Advanced moved to dismiss the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment. The Supreme Court denied the plaintiff's cross motion for sum-

mary judgment and, upon searching the record, granted summary judgment in favor of Advanced dismissing the complaint insofar as asserted against Advanced, finding that there was no evidence that Sonal received any consideration for signing a letter agreement.

There is no evidence that the plaintiff's consent was necessary for Sonal's purchase or that the plaintiff was induced to consent to Sonal's purchase by Sonal's execution of the letter agreement. There is no triable issue of fact as to whether the letter agreement was part of a bargained-for exchange in which the plaintiff consented to Sonal's purchase of additional shares of the partnership. Accordingly, since there was no bargained-for exchange established, there was insufficient consideration for Sonal's agreement, and the plaintiff's fourth cause of action was properly dismissed insofar as asserted against Advanced (*see, Loft Rest. Assocs. v McDonagh,* 209 AD2d 482; *Umscheid v Simnacher,* 106 AD2d 380).

Since the vote which was the subject of the fifth cause of action has already occurred, the appeal from so much of the order and judgment as pertains to that cause of action has been rendered academic. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.