■ Cy Gruberg, Appellant, v Annmarie S. McCarthy, Respondent. [735 NYS2d 638] —Peters, J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), entered August 30, 2000 in Ulster County, upon a dismissal of the complaint at the close of proof.

On two occasions in October 1985, plaintiff made loans to Robert Sanzi in the amounts of $25,000 and $30,000. After an erratic payment history, Sanzi stopped making payments by 1991. On June 23, 1991, plaintiff met with defendant, Sanzi's wife as of 1987, to discuss Sanzi's default. At the conclusion of their meeting, defendant signed a handwritten document, drafted by plaintiff, which read, in part, as follows: "I, Ann Ma-

rie Sanzi, agree to include my name to legal documents, as wife of Robert Sanzi, and assume financial responsibility, for debts incurred on October 7 and October 30, 1985 in two separate loans * * * [t]otal[ing] $55,000." It further recited that "[t]hese loans are due and fully payable, with any accrued interest, on October 30, 1995 to [plaintiff]."

Sanzi died in October 1991. Defendant continued to make interest payments on the notes until early 1992. While plaintiff received payment toward a portion of the debt from Sanzi's estate, this action was thereafter commenced to recover the balance due from defendant grounded upon the 1991 written agreement. At the close of all proof, defendant moved to dismiss the complaint by alleging that the guarantee she executed was unenforceable for lack of consideration. Ruling that General Obligations Law §§ 5-701 and 5-1105 were inapplicable, the court found that the absence of present consideration invalidated the agreement. Plaintiff appeals.

The clear and explicit terms of General Obligations Law § 5-1105 require our reversal. That statute provides as follows: "A promise in writing and signed by the promisor * * * shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed" (General Obligations Law § 5-1105). Here, the uncontested documentary evidence submitted by plaintiff demonstrates the existence of a written guarantee signed by defendant, as the party to be charged, promising to answer for a specially enumerated debt of her husband (*see*, General Obligations Law § 5-701; *Martin Roofing v Goldstein*, 60 NY2d 262, 265, *cert denied* 466 US 905). Such agreement states plaintiff's forbearance from enforcement of Sanzi's past due debts by its incorporation of the prior legal documents so long as the loans will be fully paid, with accrued interest, by October 30, 1995. There being no dispute that the money was actually given to Sanzi in return for his promise to repay the loans plus interest, we find that upon defendant's signing of this guarantee, which further included "an unequivocal promise to pay a sum certain, at a date certain" (*Umscheid v Simnacher*, 106 AD2d 380, 381), the agreement was in compliance with General Obligations Law §§ 5-701 and 5-1105 and, therefore, became enforceable against defendant (*see, Bellevue Bldrs. Supply v Audubon Quality Homes*, 213 AD2d 824, 825-826; *Hudson Val. Paper Co. v La Belle*, 173 AD2d 1098, 1099; *see also, Teitelbaum v Mordowitz*,

248 AD2d 161; *North Fork Bank & Trust Co. v Jay-Ann Assocs.*, 192 AD2d 590, 591, *lv dismissed* 82 NY2d 705).

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.