**47** KAREN L. SMOCZKIEWICZ, Respondent, v ZYGMUNT A. SMOCZKIEWICZ, Appellant. [770 NYS2d 101]—

In a matrimonial action in which the parties were divorced by a judgment entered May 14, 2002, the father appeals from an order of the Supreme Court, Nassau County (Marano, J.), dated November 25, 2002, which denied, without appointing a Law Guardian for the child or conducting a hearing, his motion to modify the judgment of divorce by changing residential custody of the parties' son from the mother to him.

Ordered that the order is affirmed, with costs.

On February 15, 2002, the parties and the Law Guardian for their two children entered into a stipulation of settlement of the mother's action for a divorce, in open court, pursuant to which, inter alia, the parties would have joint custody of their two children, with the mother to have residential custody. The stipulation of settlement further provided that the father would remain in the marital residence, and the mother and children would relocate to another residence within the same school district as the marital residence, after the mother received her distributive award. The stipulation of settlement was incorporated but not merged into the judgment of divorce, which was entered on May 14, 2002.

On October 10, 2002, the father moved to modify the judgment of divorce by changing residential custody of the parties' 13-year-old son from the mother to him. He alleged, as changed circumstances, that the mother had relocated to a new residence and that the son expressed a strong preference to remain in the marital residence. The Supreme Court denied his motion without appointing a Law Guardian for the child or conducting a hearing, and the father appeals. We affirm.

"A parent who seeks a change in custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing" (*Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]). Moreover, where parents enter into an agreement concerning custody "it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999]).

Here, the father failed to show that there had been a change in circumstances which could support a finding that it was in the son's best interest to change residential custody to himself. The fact that the mother had relocated to a new residence does not qualify as a change in circumstance, as it was expressly contemplated by the parties' agreement. Furthermore, the father's assertion that his son would prefer to remain in the marital residence with him is not determinative. This application was made a mere five months after the stipulation of settlement, which contained the parties' agreement concerning custody, was incorporated into the judgment of divorce. Under these circumstances, the Supreme Court properly denied the father's motion without appointing a Law Guardian for the child and conducting a hearing. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.