PALMA D. POLIZZI, Respondent, v SALVATORE PROFACI, Appellant. [773 NYS2d 119]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered October 18, 2002, as granted the plaintiff's motion for summary judgment declaring an alleged note and mortgage dated November 19, 1998, to be null and void and denied his cross motion for leave to serve an

amended answer asserting a counterclaim as a third-party beneficiary under an alleged contract between the plaintiff and a nonparty, Carl Mione, and (2) from an amended judgment of the same court entered March 6, 2003, which, upon the order, inter alia, declared that the plaintiff had valid, absolute, and unencumbered title to the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).

The plaintiff commenced the instant action, inter alia, to extinguish the defendant's claims against a certain parcel of improved real property owned solely by the plaintiff and occupied by the plaintiff's mother. It is uncontroverted that the defendant loaned $150,000 to the plaintiff's brother, Carl Mione, a disbarred lawyer (see Matter of Mione, 214 AD2d 35 [1995]); the debt was not that of the plaintiff. Moreover, the defendant does not controvert the Supreme Court's finding that the plaintiff did not execute the note and mortgage dated November 19, 1998, which had been offered by Carl Mione to secure his debt and upon which the defendant asserted he would foreclose, and that the signature on the note and mortgage were forged.

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on her cause of action, inter alia, to declare the note and mortgage null and void, the defendant cross-moved for leave to serve an amended answer asserting a counterclaim. The proposed counterclaim alleged that he was the third-party beneficiary of a purported agreement, evidenced by letters dated November 30, 1998, and February 27, 2000, in which the plaintiff acknowledged her brother's equitable 50% interest in the subject premises and in which she represented that the defendant would be repaid if the property was sold by a certain date. Failing that, the plaintiff pledged that she would use her "best efforts to refinance [her brother's] equity interest" in the property.

Contrary to the defendant's contentions, neither letter created a binding or enforceable agreement, supported by consider-

ation, between the plaintiff and her brother with respect to either the debt or the subject premises (*see Delor Corp. v Quigley, Langer, Hames, Perlmutter, Mankes & Nuskind, Partnership,* 287 AD2d 680, 682 [2001]; *Umscheid v Simnacher,* 106 AD2d 380, 381 [1984]). Nor did the letters contain an unequivocal or enforceable promise by the plaintiff to repay the debt on her brother's behalf (*see DeRosis v Kaufman,* 219 AD2d 376 [1996]; cf. *Gruberg v McCarthy,* 289 AD2d 915 [2001]). Thus, the defendant cannot establish that he was the intended third-party beneficiary of a contract between the plaintiff and her brother (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427, 434-435 [2000]; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44 [1985]). Accordingly, the Supreme Court correctly granted the plaintiff's motion for summary judgment declaring the alleged note and mortgage dated November 19, 1998, to be null and void, and declared that the plaintiff had valid, absolute, and unencumbered title in the subject premises. The Supreme Court also providently denied the defendant's cross motion for leave to serve an amended answer and counterclaim, as the proposed amendment was palpably lacking in merit (*see Lang v Dachs,* 303 AD2d 645 [2003]; *McKiernan v McKiernan,* 207 AD2d 825 [1994]; *Staines v Nassau Queens Med. Group,* 176 AD2d 718 [1991]). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.