Savino v Savino (2006 NY Slip Op 51652(U))

[*1]

Savino v Savino

2006 NY Slip Op 51652(U) [13 Misc 3d 1202(A)]

Decided on August 25, 2006

Family Court, Suffolk County

Lynaugh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through September 7, 2006; it will not be published in the printed Official Reports.

Decided on August 25, 2006

Family Court, Suffolk County
Leonard Savino, Petitioner,
against
Dawn M. Savino, Respondent.
V-01829-06/06A/06B

COUNSEL FOR PETITIONER
Aaron M. Woskoff, Esq.
99 W. Hawthorne Avenue
Valley Stream, New York 11580
COUNSEL FOR RESPONDENT
Robert A. Bruno, Esq.
235 Brooksite Drive
Hauppauge, New York 11788
LAW GUARDIAN
Karen Caggiano, Esq.
198 Crestwood Drive
Shirley, New York 11967

Barbara Lynaugh, J.
By petition dated 1/31/06, petitioner-father seeks permission to relocate to North Carolina with the parties' two children, ages 17 and 15. By cross petition dated 5/10/06, respondent-mother opposes the relocation and seeks custody of the children.
Having heard the evidence offered at the hearing, having conducted an 
in camera interview with the children, having heard the recommendations of the Law Guardian, and with thorough and careful consideration, the court makes the [*2]following findings and conclusions.
The parties are divorced pursuant to a judgment of the Supreme Court, Suffolk County (Sgroi, J.), dated 2/27/03, which, upon two incorporated stipulations, granted the parties joint custody of the subject children (and their oldest child N., now age 20) and granted mother primary physical custody.
M. and E. began residing with their father in June 2004. N. began residing with father in August 2004. On 1/10/05, the parties entered a post-judgment settlement agreement amending their two prior stipulations and agreed to continue the joint custody arrangement with primary physical custody to be changed to father, subject to mother's right to visitation. There is no specific schedule of visitation, just a provision that "visitation rights will be liberally construed." This settlement agreement was reached in settlement of then pending Family Court petitions, but was never ordered by the court.
Since the existing order of custody is the judgment of divorce, father's pending petition herein seeks a modification of the judgment so as to award him custody of M. and E. and grant him permission to relocate with them to North Carolina. Mother's pending cross petition seeks a return of the children to her physical custody.
While mother was called as a witness by father and briefly cross examined by her own counsel, she presented no witnesses and no direct case in support of her application for a return of physical custody. For these reasons, her petition must be dismissed for failure to establish a prima facie case.
The children have resided with father since June 2004, upon mother's consent. They are closely bonded to father and father's extended family. They are seemingly happy and well adjusted, they do well in school, and they are properly nurtured and guided in father's custody. The court finds this to be a ample basis upon which to conclude that there has been a change of circumstances sufficient to warrant a modification of the custody provisions contained within the judgment of divorce and that a modification of custody would be in the children's best interests. Smoczkiewicz v. Smoczkiewicz, 2 AD3d 705, 770 NYS2d 101 (2d Dept., 2003), citing Matter of Gaudette v. Gaudette, 262 AD2d 804, 691 NYS2d 681 (3d Dept., 1999). The court finds that physical custody of the children should remain with father.
Since they have been in their father's custody, and until a few months ago, the children have resided in the home of their paternal grandparents as part of a large extended family unit. Residing in the home were the grandparents; a [*3]paternal aunt, her husband and their two children; and father, his wife, the two boys, N. and father's stepdaughter. E. and M. are closely bonded to their extended family.
Earlier this year, the grandparents moved to a home in North Carolina; the paternal aunt, uncle and cousins moved to a home two doors away. Father is having a home built next door to the grandparents' home; it is a five bedroom ranch in which the boys will each have their own room for the first time. The home was scheduled for completion in early August 2006. N. will not be making the move at this time; she will remain in New York to complete school.
Father is employed as a produce manager for Waldbaums supermarket; he is speaking to two companies in North Carolina in an attempt to secure similar employment there. Father's primary reasons for wanting to relocate to North Carolina are to remain near his family, to own his own home, and for an unspecified "better lifestyle." Should he be granted permission to relocate, father plans to fly or drive the children to New York to visit their mother whenever the children wish to visit.
Since the children have resided with father, mother's visitation has been regular but somewhat limited. She has never sought or established a set schedule of visitation, preferring to call the boys and ask if they want to visit. They sometimes do not want to visit when their mother calls, but E. and M. seemingly enjoy a good relationship with their mother. The boys do not spend extended periods of time with their mother; they see her for dinner for a few hours once a week. They occasionally spend an overnight period at their mother's home, but this occurs less than once per month. Mother has paid no child support to father since the children began living with him; the parties' settlement agreement provides for a waiver of support.
At the conclusion of testimony, the court conducted an in camera interview with E. and M. N. was also present for the interview. As the Law Guardian indicated in her closing argument, E. and M. express a strong desire to remain in their father's custody and to move to North Carolina. They
want to remain close to their extended family, whom they have visited in North Carolina on two occasions. Both boys feel that they can maintain the quality of their relationship with their mother through phone contact and extended visitations during weekends and holidays.
When deciding whether to allow a proposed relocation, the court must [*4]consider and give appropriate weight to all of the relevant factors of an individual dispute. These factors include but are not limited to "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements." For a relocation to be allowed, it must be established "by a preponderance of the evidence that a proposed relocation would serve the child's best interests." Tropea v. Tropea, 87 NY2d 727, 642 NYS2d 575 (1996).
The case at bar involves older children (ages 15 and 17) who have lived as part of a closely bonded extended family unit, upon mother's consent, with father and father's extended family. The extended family has recently relocated to North Carolina, father has built a home in close proximity to them, and the children are anxious to move to the new location. Mother's current visitation with the children is somewhat limited , and the children feel they can maintain a close relationship with their mother through regular phone contact and extended visitations during weekends and holidays.
Given the age of the children, their strong desire to remain close to their extended family, their limited visitation with their mother at present, and their willingness to make their relationship with their mother a priority once they move, the court finds, under the totality of the circumstances herein, that it would be in the best interests of the children for them to be permitted to relocate to North Carolina with their father. Accordingly, it is hereby
ORDERED, that respondent's cross petition, dated 5/10/06, is hereby dismissed for failure to establish a prima facie case; and it is further
ORDERED, that the judgment of the Supreme Court, Suffolk County (Sgroi, J.), dated 2/27/03, is hereby modified so as to provide that physical custody of E., and M., is awarded to petitioner-father Leonard Savino; and it is further
ORDERED, that petitioner is hereby granted permission to relocate to North Carolina with the subject children; and it is further
ORDERED, that respondent-mother shall have visitation with the children on at least one weekend per month, to coordinate with school holidays [*5]occurring on either Fridays and/or Mondays when possible, with the visitation to take place for the full weekend, including the holiday; and it is further
ORDERED, that mother shall have visitation with the children during the Christmas and Spring holiday recesses and for one month during the summer; and it is further
ORDERED, that father will be responsible to pay the travel costs associated with the visitation ordered herein through August 2007; thereafter, the parties shall share the travel costs.
Dated: August 25, 2006
 BARBARA LYNAUGH
 JUDGE OF THE FAMILY COURT
The Family Court Act provides that an appeal may be taken from an order of this Court to the Appellate Division: 2d Department pursuant to F.C.A. § 1113. An appeal from this order must be taken within 30 days of receipt of the order by the appellant in court, 35 days from the date of mailing by the Clerk of the Court, or 30 days after service by a party or the Law Guardian upon the appellant, whichever is earliest.