■ Theresa DiVittorio, Respondent, v Joseph DiVittorio, Appellant. [829 NYS2d 193]—

In a matrimonial action in which the parties were divorced by judgment entered November 20, 1998, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated February 10, 2006, as denied, without appointing a law guardian for the child or conducting a hearing, that branch of his motion which was to modify the judgment of divorce by changing residential custody of the parties' daughter from the mother to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 18, 1998 the parties entered into a stipulation of settlement in the mother's action for a divorce, awarding the mother custody of their daughter, with the father having visitation. The stipulation of settlement was incorporated but not merged into the judgment of divorce entered November 20, 1998. The father moved, inter alia, to change residential custody of the parties' daughter from the mother to him. The Supreme Court denied his motion without conducting a hearing or appointing a law guardian for the child. We affirm.

Contrary to the father's contention, the Supreme Court properly denied that branch of his motion which was for a change of custody of the parties' child without conducting a hearing. Where possible, custody should be established on a long term basis, "at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian" (*Obey v Degling*, 37 NY2d 768, 770 [1975]; *see Jackson v Jackson*, 31 AD3d 386 [2006]; *Matter of Belbol v Stevenson*, 23 AD3d 555 [2005]). "Moreover, where parents enter into an agreement concerning custody 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]' " (*Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003], quoting *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]). A noncustodial parent seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see McNally v McNally*, 28 AD3d 526, 527 [2006]; *Matter of Simmons v Budney*, 5 AD3d 389, 390 [2004]; *Smoczkiewicz v Smoczkiewicz, supra; Corigliano v Corigliano*, 297 AD2d 328, 329 [2002]; *DiVittorio v DiVittorio*, 283 AD2d 390, 390-391 [2001]). Here, the father failed to make such a showing.

Under the circumstances of this case, it is unnecessary to remit the matter for the appointment of a law guardian (*see Richard D. v Wendy P.*, 47 NY2d 943, 944-945 [1979]; *Matter of Weis v Rivera*, 29 AD3d 812, 812 [2006]; *Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998]; *Matter of Smith v DiFusco*, 282 AD2d 753 [2001]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.