■ THERESA DIVITTORIO, Respondent, v JOSEPH DIVITTORIO, Appellant. [834 NYS2d 872]—In a matrimonial action in which the parties were divorced by judgment entered November 20, 1998, the father appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 5, 2006, as denied his motion for leave to renew and reargue his prior motion, inter alia, for modification of the judgment of divorce by changing residential custody of the parties' daughter from the mother to him, which was denied in an order of the same court dated February 10, 2006.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The denial of the appellant's original motion in an order dated February 10, 2006, was affirmed by this Court (see DiVittorio v DiVittorio, 36 AD3d 848 [2007]). The propriety of that order, including the Supreme Court's refusal to consider the appellant's surreply, may not be relitigated on the instant appeal.

A motion for leave to renew must be supported by new or additional facts "not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Gerbino v Gerbino, 5 AD3d

435 [2004]). Here, the so-called new facts tendered by the defendant were either not new, or would not have changed the outcome. Accordingly, that branch of motion which was for leave to renew was properly denied. Crane, J.P., Ritter, Goldstein and Balkin, JJ., concur.