■ In the Matter of STEPHEN PENN, Respondent, v INGRID PENN, Appellant. [836 NYS2d 888]—In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Seiden, Ct Atty Ref), dated January 23, 2006, as, upon appointing a law guardian and a forensic evaluator, and after a hearing, denied her petition to modify a stipulation of settlement dated November 7, 2001, which was incorporated but not merged into a judgment of divorce dated July 31, 2002, by, inter alia, awarding her sole custody of the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining whether to modify a custody arrangement to which the parties voluntarily agreed, the principal issue before

the court is whether a change in circumstances warrants a modification in the best interests of the child (*see DiVittorio v DiVittorio*, 36 AD3d 848 [2007]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]; *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]). Here, the Family Court, upon appointing a law guardian and a forensic evaluator, and after conducting an evidentiary hearing, determined that it was not in the children's best interests to modify the parties' voluntary joint custody arrangement so as to award the mother sole custody. Contrary to the mother's contention, the Family Court's determination has a sound and substantial basis in the record, and we find no reason to disturb it (*see Walker v Walker*, 289 AD2d 225 [2001]). Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.