In the Matter of AAMIR AWAN, Appellant, v PARAS AWAN, Respondent. [906 NYS2d 70]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated November 11, 2009, which, after a hearing, inter alia, granted the mother's petition to enforce

a provision of a custody and visitation order of the same court dated March 14, 2008, and, in effect, denied his motion to modify certain provisions of the order dated March 14, 2008.

Ordered that the appeal from so much of the order as granted that branch of the petition which was to enforce the provision of the order dated March 14, 2008, so as to permit the mother to travel to Pakistan with the subject child in late 2009 and directed the father to execute a document permitting the child to obtain a passport is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Shortly after the subject child's birth, the parties separated. They eventually negotiated a settlement agreement that provided, inter alia, for joint custody with residential custody to the mother and visitation to the father. Pursuant to an order of the Family Court dated March 14, 2008, which embodied the terms of the settlement agreement, the mother was permitted to travel outside of the United States with the child after obtaining medical clearance for the child to travel. The father failed or refused to execute the passport documents necessary for the child to travel out of the country. The mother then petitioned the Family Court for an order enforcing the prior order and the father moved to modify certain provisions of the prior order so as to prohibit the mother from taking the subject child out of the country.

The father's appeal from so much of the order as, in effect, granted the mother permission to travel to Pakistan with the child in late 2009 and directed him to execute a document permitting the child to obtain a passport has been rendered academic, as that trip already has occurred (see Delor Corp. v Quigley, Langer, Hames, Perlmutter, Mankes & Nuskind, Partnership, 287 AD2d 680, 682 [2001]; Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO, 249 AD2d 433, 434 [1998]).

The appeal from so much of the order as, in effect, denied the father's motion to modify certain provisions of the order dated March 14, 2008, so as to prohibit all foreign travel is not academic (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). However, in order to obtain modification of a custody order or arrangement to which the parties voluntarily agreed, the movant must show that there has been a significant change in circumstances since the original agreement, and that modification is in the best interests of the child (see Matter of Penn v Penn, 41 AD3d 724 [2007]; Matter of Battista v

*Fasano*, 41 AD3d 712, 713 [2007]; *DiVittorio v DiVittorio*, 36 AD3d 848, 849 [2007]; *Matter of Feliciano v Micheli-Hartford*, 35 AD3d 739 [2006]). The father did not demonstrate his entitlement to modification of the original order (*see Matter of Rodriguez v Hangartner*, 59 AD3d 630, 631 [2009]; *Matter of Faltings v Faltings*, 35 AD3d 464, 465 [2006]; *Matter of Smith v DiFusco*, 282 AD2d 753 [2001]; *cf. Matter of Ganzenmuller v Rivera*, 40 AD3d 756, 757 [2007]).

The Family Court did not err in striking the testimony of Dr. Ronald Jacobson, an expert retained by the father, and in precluding further testimony by Dr. Jacobson. The father's attorney violated the Rules of Professional Conduct (22 NYCRR 1200.0) rule 4.2 by allowing a physician, whom the attorney retained or caused the father to retain, to interview and examine the subject child regarding the pending dispute and to prepare a report without the knowledge or consent of the attorney for the child (*see Campolongo v Campolongo*, 2 AD3d 476, 476-477 [2003]). "The appointment of an [attorney for the child] to protect the interests of a child creates an attorney-client relationship, and the absence of the [attorney for the child] at the subject [examination and] interview constituted a denial of the child's due process rights" (*id.* at 476-477, citing *Matter of Samuel H. [Matter of New York City Dept. of Social Servs. (Luz S.)]*, 208 AD2d 746, 747 [1994]; Family Ct Act § 241). Further, the father's attorney also failed to inform the mother's attorney of that examination. Skelos, J.P., Hall, Roman and Sgroi, JJ., concur.