■ Francine Tarpey, Respondent, v James Tarpey, Appellant. [910 NYS2d 132]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Crecca, J.), dated January 13, 2010, as denied, without a hearing, that branch of his mo-

tion which was to modify the provisions of a so-ordered stipulation dated December 2, 2008, so as to award him sole legal and residential custody of the parties' children, and (2) so much of a judgment of the same court entered March 10, 2010, as incorporated by reference the so-ordered stipulation and awarded the parties joint legal and residential custody of their children.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married and have three children. The plaintiff commenced this action for a divorce and ancillary relief. By so-ordered stipulation dated December 2, 2008, the parties agreed to joint legal and residential custody of their children.

By order to show cause dated November 5, 2009, the defendant moved to modify the so-ordered stipulation so as to award him sole legal and residential custody of the children. In an order dated January 13, 2010, the Supreme Court, inter alia, denied the defendant's motion without a hearing. A judgment entered March 10, 2010, incorporated by reference, but did not merge with, the so-ordered stipulation, and awarded the parties joint legal and residential custody of their children. The defendant appeals from both the order and the judgment.

The appeal from the order must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Where a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]; *see Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]). Furthermore, "[a] parent who seeks a change in custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant one" (*Green v Green*, 43 AD3d 867, 867 [2007]; *see Matter of Simmons v Budney*, 5 AD3d 389, 390 [2004]).

Contrary to the defendant's contention, he failed to demonstrate that there was a sufficient change in circumstances since

the time of the so-ordered stipulation and that it would be in the children's best interest to modify the existing agreement (*see McNally v McNally*, 28 AD3d 526, 527 [2006]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d at 706), and he failed to make an evidentiary showing sufficient to warrant a hearing (*see Green v Green*, 43 AD3d at 867-868; *Matter of Simmons v Budney*, 5 AD3d at 390). Skelos, J.P., Eng, Belen and Hall, JJ., concur.