■ JENNIFER A. STOCK, Respondent, v THOMAS H. STOCK, Appellant. [969 NYS2d 536]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated March 23, 2012, as denied that branch of his motion which was to change temporary residential custody of the two subject children from the plaintiff to him, and granted that branch of the plaintiff's cross motion which was for a pendente lite award of child support to the extent of awarding her the sum of $709.91 biweekly.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[W]here parents enter into an agreement concerning custody 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children' " (*Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003], quoting *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]). "[P]riority in custody disputes should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement" (*Matter of Krebsbach v Gallagher*, 181 AD2d 363, 365 [1992]; *see Matter of Ross v Ross*, 96 AD3d 856, 857 [2012]). "A noncustodial parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing" (*McNally v McNally*, 28 AD3d 526, 527 [2006]; *see Smoczkiewicz v Smoczkiewicz*, 2 AD3d at 706). Here, the defendant failed to meet his threshold burden of proffering sufficient evidence to warrant a hearing on that branch of his motion which was for a modification of the custody arrangement specified in the parties' stipulation of settlement (*see Connor v Connor*, 104 AD3d 638, 639 [2013]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d at 706).

"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Levakis v Levakis*, 7 AD3d 678, 678 [2004]; *see Renga v Renga*, 86 AD3d 634, 635 [2011]). "Any perceived inequities in pendente lite support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Conyea v Conyea*, 81 AD3d 869, 870 [2011]; *see Renga v Renga*, 86 AD3d at 635). Here, the defendant failed to meet his burden of dem-

onstrating exigent circumstances warranting a modification of the pendente lite child support award (*see Conyea v Conyea*, 81 AD3d at 870).

The defendant's remaining contention cannot be determined on this record. Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.