In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J), dated January 6, 2012, as denied that branch of his motion which was pursuant to CFLR 3126 to preclude the defendant from presenting evidence at trial regarding her finances and, as, upon reargument, in effect, vacated the determination in an order of the same court dated March 31, 2011, denying that branch of his motion which sought a downward modification of his pendente lite obligation to pay the monthly mortgage expense for the marital residence, and thereupon granted that branch of his motion only to the extent of reducing that obligation to the sum of $900 per month, and adhered to the determination in the order dated March 31, 2011, denying that branch of his motion which sought a downward modification of his pendente lite child support obligation and (2), as limited by his notice of appeal and brief, from so much of an order of the same court dated October 18, 2012, as, upon reargument, adhered to the determinations in the order dated January 6, 2012, requiring him to pay $900 toward the monthly mortgage expense for the marital residence and denying that branch of his motion which sought a downward modification of his pendente lite child support obligation.
Ordered that the orders dated January 6, 2012, and October 18, 2012, are affirmed insofar as appealed from, with one bill of costs.
“Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires” (Stock v Stock, 108 AD3d 663, 663 [2013] [internal quotation marks omitted]; see Renga v Renga, 86 AD3d 634 [2011]; Levakis v Levakis, 7 AD3d 678 [2004]). “Any perceived inequities in pendente lite support can best be remedied by a speedy trial, at which the parties’ financial circumstances can be fully explored” (Conyea v Conyea, 81 AD3d 869, 870 [2011]; see Renga v Renga, 86 AD3d at 635). Here, the plaintiff failed to meet his burden of demonstrating exigent circumstances warranting a modification of the pendente lite child support award (see Conyea v Conyea, 81 AD3d at 870).
*997 The plaintiff contends that the Supreme Court erred in directing him to pay both child support and the carrying charges on the marital residence because this resulted in a double shelter allowance. The plaintiffs contention is without merit. Since the Supreme Court did not apply the Child Support Standards Act in fixing pendente lite child support, there is no requirement that the court deduct the amount awarded for carrying charges before determining the appropriate amount of child support (see Otto v Otto, 13 AD3d 503 [2004]; Fischman v Fischman, 209 AD2d 916 [1994]; cf. George v George, 192 AD2d 693 [1993]).
“CPLR 3126 states that a court may sanction a party for willfully failing to comply with discovery, including precluding the party from ‘producing in evidence designated things or items of testimony’ ” (Flores v Velez, 111 AD3d 599, 599 [2013], quoting CPLR 3126 [internal quotation marks omitted]; see Raville v Elnomany, 76 AD3d 520 [2010]). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs motion to preclude the defendant from presenting evidence regarding her finances at trial as the defendant showed that she had complied with discovery.
The plaintiffs remaining contentions are without merit.
Eng, EJ., Skelos, Dillon and Duffy, JJ., concur.