◼ LEO E. KULESZO, Appellant, v CHRISTINE D. KULESZO, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: The parties to this appeal asserted cross claims for divorce. Upon written stipulation it was agreed that the appellant husband would allow the wife to proceed by default. As a part of that stipulation, the parties agreed upon support payments and upon joint custody of the children of the marriage. At the

trial of the divorce, in the absence of appellant or his counsel, and against the protest of the wife's counsel, the Trial Justice stated that he was not bound by the custody provisions of the agreement and thereupon awarded sole custody of the children to the wife without a hearing. Custody of infant children is to be determined by a finding of what is in the best interests of the children. There is no prima facie right of custody in either parent and when the parents have agreed upon the matter, their agreement should not be upset without a finding that the custodian is unfit or at the very least less fit than the other parent (see *Matter of Goho v Goho,* 59 AD2d 1045; *Papernik v Papernik,* 55 AD2d 846). In this case, however, both parties appeared in the Judge's chambers with counsel approximately a week after the trial and discussed custody and visitation at length. Appellant made no objection to the court's determination that sole custody of the children should be with the wife, nor did he request an evidentiary hearing. Under those circumstances, appellant agreed to the change in custody provisions and waived any right to object to the irregularity of the proceedings. In view of appellant's conduct and since the evidence in the record supports the court's determination of custody, we affirm the judgment. (Appeal from judgment of Seneca Supreme Court—divorce.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.