OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion for summary judgment pursuant to CPLR 3213. A recent change in the law has permitted summary judgment in matrimonial actions. (L 1978, ch 532.) This court is asked for the first time to consider an application under this new provision.
The plaintiff herein seeks this divorce based upon the existence and effectuation of a separation agreement between the parties for over one year. In response to plaintiff’s actions, the defendant has responded with vague and conclusory allegations which are insufficient to defeat this motion for summary judgment. (See Gray Mfg. Co. v Pathe Inds., 33 AD2d 739, affd 26 NY2d 1045.)
There has been no sufficient challenge to the separation agreement herein. With the exception of custody of the chil *802 dren, the court directs that the separation agreement be incorporated but not merged in the forthcoming decree.
The children of this marriage were not represented in the preparation of this separation agreement, or in the effectuations of this divorce. This court is of the opinion that it would be improper for this court to automatically accede to the custody arrangements for these children without any consideration whatsoever of the appropriateness of the proposed custodial arrangement. When a custody arrangement is reflected in a court order, the court and the State effectively and implicitly approve of the arrangement. This court is fully in agreement with Judge Cardozo when he stated: "The chancellor in exercising his jurisdiction * * * acts as parens patriae to do what is best for the interest of the child. He is to put himself in the position of a 'wise, affectionate and careful parent’ * * * and make provisions for the child accordingly.” (Finlay v Finlay 240 NY 429, 433.)
The cold acceptance of a custodial arrangement drawn on behalf of parties never seen by the Judge can hardly be said to embody or reflect the standard of genuine concern described by Judge Cardozo.
In order to effectuate the court’s concerns and responsibilities as set forth above, the court shall make any incorporations of custodial arrangements in this degree contingent upon an opportunity for the court to examine the proposed custodial parent.
Accordingly, the plaintiff’s motion for summary judgment is granted except as to the custodial matters outlined above.