OPINION OF THE COURT
Wilmer J. Patlow, J.
In each of the three above-captioned matters the court has been presented with a request for an order ratifying and confirming a change in custody arranged and consented to by both parties.
In Nessia v Nessia the plaintiff father applied to this court at an Ex Parte Term for modification of the custody provisions embodied in the parties’ divorce decree which had been based upon an in-court stipulation. The requested modification was predicated upon the parties’ subsequent written stipulation to change custody of their two teenaged daughters from the mother to the father to reflect change in residence and responsibility which had in fact already occurred.
*480 In Oppedisano v Mullaney the parties submitted an “Amended/Modified Decree” of divorce for signature by this court sitting ex parte. The parties had stipulated to apply to the court for an amended decree which would incorporate and confirm the terms of their “Fourth Modification to Separation Agreement” which provided for a change of custody from the mother to the father of the parties’ 15-year-old daughter. The “Fourth Modification” recited that this daughter has in fact already commenced residing with the father and that there are two younger children who continue in the custody of the mother.
The Smith v Smith application was presented to this court at Special Term by defendant husband who had stipulated with his wife to modify their divorce decree for purposes of conforming it with the provisions of their “Modification to Separation Agreement”. This modifier! separation agreement confirmed a de facto change in custody by providing that custody of the parties’ two sons be granted to the father while custody of their two unemancipated daughters remain with the mother.
The question presented in all three of these cases is whether the court must hold an evidentiary hearing or inquest upon an uncontested application to confirm a change in custody to which the parties have consented by means of a written stipulation and/or agreement.
It is clear that “[i]n a custody proceeding arising out of a dispute between divorced parents, the first and paramount concern of the court is and must be the welfare and the interests of the child [citations omitted]. Generally, a determination of that issue should be made only after a full and plenary hearing and inquiry [citations omitted]” (Obey v Degling, 37 NY2d 768, 769-770). This rule as to a hearing is also usually applicable to requests for modification of custody (see Matter of Black v Black, 84 AD2d 922; People ex rel. Yaklin v Yaklin, 19 AD2d 405; see, also, Daghir v Daghir, 56 NY2d 938, 944-946 [dissent]).
However, commentators state that “a modification of a matrimonial decree with respect to custody without a hearing is not prejudicial where there are no complicated issues of fact presented, no request is made for a hearing, and both parties evidently are content to submit the appli *481 cation for determination by the court on the papers presented” (19A Carmody-Wait 2d, NY Prac, § 118:230, and 2 Foster-Freed, Law and the Family, § 29:38, both citing Radeff v Radeff, 272 App Div 582; see, also, Kuleszo v Kuleszo, 59 AD2d 1059, mot for lv to app den 43 NY2d 647, wherein a party’s conduct was found to constitute a waiver of an evidentiary hearing).
The primary concern of the court in approving a change in custody is whether the “best interests of the child” standard is met. This standard is now clearly applicable to custody modifications as well as to the initial determination (Friederwitzer v Friederwitzer, 55 NY2d 89).
In making such determination, “ ‘[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child’s best interests [citations omitted]’ ” (Eschbach v Eschbach, 56 NY2d 167, 171). “Thus, an agreement between the parties is but one factor to be weighed by the court in deciding whether a change of custody is warranted” (supra, p 171). Nevertheless, “ ‘[priority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded’ to that agreement [citation omitted]” (supra, p 171).
In addition to its statutory duty to find the child’s best interests (Domestic Relations Law, § 240, subd 1), the court has long been vested with parens patriae power and responsibility for the child’s welfare (see, e.g., Scheidt v Scheidt, 99 Misc 2d 801, wherein the court granted a divorce upon a motion for summary judgment, but made incorporation of the parties’ custody agreement contingent on an opportunity to examine the proposed custodial parent, stating it would be improper to automatically accede to the parents’ wishes).
The court concludes, after consideration of the above-cited authorities, that even where the parties have agreed to a change in custody, and the application to the court is joint or unopposed, the court has a clear responsibility to undertake an independent review of the circumstances surrounding the proposed modification. However, such review need not always take the form of an evidentiary hearing, particularly where the parties have supplied suf *482 ficiently informative affidavits and other documents. The court does, of course, retain the option of requiring an inquest should it not be completely satisfied with all of the information presented.
This decision is made with the court’s awareness of a growing public concern as to the adequacy of current procedures for protecting the interests of children of divorcing parties (see 54 NY St Bar J 496). This is particularly true in undefended matrimonial actions, which closely resemble the instant applications in certain significant respects. However, to provide an evidentiary hearing on every uncontested issue of custody would require extensive as well as comprehensive modification of what is now standard court practice.
In accordance with the above, the court hereby grants the Smith and Nessia applications inasmuch as the court is convinced by the affidavits submitted that the best interests of the children involved will be served by the proposed changes in custody.
The court notes that in Nessia it has accepted the affidavit of plaintiff’s attorney in lieu of a party only because the attorney recited personal knowledge of the circumstances and because additional delay in this case would be detrimental to the children’s welfare. Future applications, of course, should be accompanied by the affidavit of a parent or parents.
The Smith and Nessia orders submitted for the court’s consideration have been signed and are returned herewith.
The ex parte order presented to the court in conjunction with the Oppedisano application will be held pending submission of a testimonial affidavit from at least one parent to enable the court to make its determination.