■ In the Matter of OLIVER S., Respondent, v CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and SHARON S., Appellant.—Kane, J. Appeals (1) from an order of the Family Court of Chemung County (Frawley, J.), entered January 11, 1989, which granted petitioner's application, in a

proceeding pursuant to Family Court Act article 6, for custody of Melissa S., and (2) from an order of said court, entered February 28, 1989, which modified the prior order and suspended the visitation rights of respondent Sharon S.

In September 1988, respondent Chemung County Department of Social Services (hereinafter Chemung County) commenced a proceeding against respondent Sharon S. (hereinafter respondent) for neglect of her infant daughter Melissa based upon, *inter alia,* allegations that Melissa had been sexually abused in respondent's home. That proceeding apparently prompted petitioner to file a petition for custody of his daughter Melissa. The two proceedings were apparently joined for a hearing on October 31, 1988 during which respondent consented to a finding of neglect without admitting to the underlying petition. Melissa was eventually placed in the custody of Chemung County pursuant to a hearing in November 1988 and the matter was adjourned until January 1989, at which time the parties, including Melissa's Law Guardian, informed Family Court that an agreement as to Melissa's custody had been reached. The agreement provided for custody of Melissa with petitioner, who resides in Tioga County, Pennsylvania, with limited visitation awarded to respondent. A Family Court order reflecting this agreement and transferring supervision from Chemung County to the Tioga County, Pennsylvania, Department of Social Services (hereinafter Tioga County) was entered on January 11, 1989. In February 1989, Family Court, acting ex parte on the recommendation of Tioga County and Chemung County, modified the January 1989 order and suspended respondent's visitation rights until Tioga County and Melissa's therapist recommended that Melissa's best interest warranted a resumption thereof. Cross petitions were filed by Chemung County and respondent. By order entered May 18, 1989, Family Court terminated respondent's visitation rights pending counseling for respondent and Melissa, as well as a report from Melissa's therapist recommending renewal of visitation. Respondent now appeals from the January 1989 and February 1989 Family Court orders and has requested review of the May 1989 order.

We find no reason advanced by respondent to disturb either of the two orders of Family Court appealed from or the May 1989 order from which respondent failed to file a notice of appeal. Although, generally, questions of custody require an evidentiary hearing to determine the best interest of the child *(see, Obey v Degling,* 37 NY2d 768, 769-770), a hearing is not necessary where none is requested and the information before

the court enables it to undertake a comprehensive independent review of the child's best interest (see, *Nessia v Nessia*, 121 Misc 2d 479, 480-482). Moreover, where a party agrees, before the court, to custody in the other party without requesting an evidentiary hearing, that party has waived the right to object to any irregularities in the proceedings (see, *Kuleszo v Kuleszo*, 59 AD2d 1059, 1060). In the case at bar, preliminary hearings leading up to the January 1989 agreement and order were held at which Family Court was able to observe and question both parties concerning custody. At the October 31, 1988 hearing, respondent consented to a finding that she neglected Melissa. Furthermore, at the January 1989 hearing, during which Melissa's Law Guardian entered into the record the parties' custody agreement, Family Court conducted a lengthy colloquy with the parties. Throughout these proceedings, respondent was represented by counsel and the record demonstrates that she freely entered into and understood the agreement leading to Family Court's custody order. Given all this, Family Court's resolution of custody was in all respects proper.

We also reject respondent's contention that Family Court erred in suspending her visitation rights. "A non-custodial parent may be denied visitation where such visits are shown to adversely affect the child's emotional well-being" (12 Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 13.05 [1] *[d]*). The record amply supports the determination which has been tailored to allow for a resumption of visitation when such is in Melissa's best interest.

Orders affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.