■ DONALD FRIZZELL, Appellant, v SARA FRIZZELL, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 19, 1991, in Albany County, which, *inter alia,* granted defendant's cross motion for temporary sole custody of the parties' two children.

During May 1989, the parties executed a separation agreement which, *inter alia,* provided for joint legal custody of the parties' children and granted defendant physical custody, with liberal visitation rights to plaintiff. Plaintiff thereafter commenced this divorce action and, during the pendency thereof, moved for an order granting him temporary custody of the children and preventing defendant from moving to Los Angeles, California. Defendant cross-moved for sole custody of the children and permission to relocate to California to accept employment there. On December 7, 1990, Supreme Court appointed a Law Guardian for the children but, for reasons not disclosed in the record, the Law Guardian did not attend a hearing held on December 19, 1990. Concluding that exceptional circumstances justified placing the children in defendant's custody and permitting them to relocate to California, Supreme Court granted defendant's cross motion. Plaintiff appeals.

We reverse. Although the appointment of a Law Guardian in a custody proceeding is not mandatory *(see,* Family Ct Act

§ 249),* having exercised its discretion by appointing a Law Guardian, Supreme Court's unexplained decision to hold a hearing without him 12 days later was an abuse of discretion *(see, Evans v Evans,* 127 AD2d 998, 998-999). Nor did the posthearing appointment of another attorney as "guardian ad litem" allow him to take an active role in ensuring the rights of the children *(see, Matter of Sandra XX.,* 169 AD2d 992, 994; *Matter of Elizabeth R.,* 155 AD2d 666, 668; *Matter of Robert W.,* 109 AD2d 623). Accordingly, Supreme Court's order must be reversed and the matter remitted for a new hearing.

Mahoney, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.

---

* The jurisdiction of Supreme Court to appoint a Law Guardian when it has before it a case pursuant to the Family Court Act is the same as that of Family Court *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 249, at 204; *see also,* Judiciary Law § 35 [7]).