▬ In the Matter of VITO DEL SORDO et al., Appellants, v DEANNA MAHOLSIC, Respondent. [608 NYS2d 134] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court properly declined to vacate the order awarding custody of petitioners' great grandchild to the mother, respondent Maholsic. Petitioners and respondents agreed that Maholsic would have custody of Alicia and their agreement is entitled to legal effect *(see, Senior v Senior,* 152 AD2d 784, 785; *Richman v Richman,* 104 AD2d 934, 935). Further, by failing to request an evidentiary hearing at the time custody was transferred from petitioners to Maholsic, petitioners waived their right to challenge that custody award on the ground that no hearing was held *(see, Kuleszo v Kuleszo,* 59 AD2d 1059).

The orders dismissing the petition must be reversed, however, because the subsequent order transferring custody from Maholsic to the father, respondent Busalachi, was made without notice to petitioners. Respondents' divorce judgment expressly provides that *"all* future questions of custody * * * are to be on notice to [petitioners] Mr. and Mrs. DelSordo" (emphasis added). Petitioners, moreover, had custody of Alicia for 4½ of her first six years and had been appointed the child's guardians by Surrogate's Court. Given those circumstances, petitioners should have been provided notice and an opportunity to be heard concerning the change of custody *(see, Guma v Guma,* 132 AD2d 645; *Nutkiewicz v Nutkiewicz,* 123 AD2d 378). Because the court summarily dismissed the petition, petitioners were also denied an opportunity to be heard regarding their claim to regain custody of the child.

Finally, we agree with petitioners that Family Court erred in directing a change of custody without notice to the Law Guardian. The appointment of the Law Guardian was not mandatory (see, Family Ct Act § 249). Having exercised its discretion by appointing a Law Guardian, however, Family Court's failure to provide notice to the Law Guardian of the proposed change in custody constituted an abuse of discretion (see, *Frizzell v Frizzell,* 177 AD2d 825; *Evans v Evans,* 127 AD2d 998).

We reverse the orders, reinstate the petition and remit the matter to Family Court for a hearing before a different Judge on the petition for custody. Pending the outcome of that hearing, Alicia's present custody arrangements shall continue. (Appeal from Order of Erie County Family Court, Honan, J.— Custody.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.