■ STEPHANIE BLAUVELT, Appellant, v JOEL BLAUVELT, Respondent. [631 NYS2d 760] —In a matrimonial action, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Putnam County (Hickman, J.), dated May 6, 1994, as directed the continuation of the appointment of Charles Brofman as the Law Guardian for the parties' child in any future proceedings, and reserved jurisdiction in the Supreme Court or Family Court of Putnam County for all future proceedings involving the child.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the fourth and fifth decretal paragraphs thereof are deleted.

Since the appointment of a Law Guardian in a custody proceeding is discretionary (see, Matter of Del Sordo v Maholsic, 199 AD2d 1038, 1039; Frizzell v Frizzell, 177 AD2d 825; Matter of Evans v Evans, 127 AD2d 998), the court exceeded its authority in appointing Charles Brofman as the Law Guardian for any and all future proceedings involving the parties' child. The determination as to whether a Law Guardian will be necessary in a future proceeding should be made at the time of the proceeding.

Although a court may retain jurisdiction over the enforcement of the provisions of a divorce judgment (see, Matter of Silane v Silane, 173 AD2d 708; Matter of H.H. v P.G., 156 Misc 2d 730), it was improper for the court to direct that all future proceedings involving the child, not necessarily related to the enforcement of the judgment, must be maintained in Putnam County. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.