■ LORRAINE VECCHIARELLI, Appellant, v FRANK VECCHIARELLI, Respondent. [656 NYS2d 337] —In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Richmond County, dated March 20, 1992, the mother appeals from an order of the same court (Marrero, J.), dated February 14, 1996, which, inter alia, changed custody of the two children from the mother to the father.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new hearing and determination on the issues of custody in accordance herewith.

The parties herein were married on April 23, 1982, and two children were born of the union: Catherine, on June 12, 1983, and Mark, on December 8, 1986. Pursuant to a stipulation of settlement dated December 12, 1991, and subsequently

incorporated by reference in the judgment of divorce dated March 20, 1992, the mother was awarded custody of the children and the father was awarded liberal visitation with a specified visitation schedule. The father remarried on May 12, 1995, and resides with his new wife and her two sons by a prior marriage as well as with a son from a prior marriage. The mother has not remarried.

The father sought an order punishing the mother for contempt for failing to provide visitation with Catherine in accordance with the judgment. As part of the court's effort to resolve the visitation issue, a psychiatrist met with and evaluated the parties for the court. Subsequent to the psychiatrist's report, the court considered whether custody of the two children should be changed to the father. Prior to a hearing on that issue, the mother's request for the appointment of a Law Guardian for both children was denied. After a hearing, the Supreme Court transferred the custody of both children to the father and directed that the mother have liberal visitation.

In adjudicating custody rights, the most important factor to be considered is the best interests of the children (Domestic Relations Law § 70; *Eschbach v Eschbach*, 56 NY2d 167; *Friederwitzer v Friederwitzer*, 55 NY2d 89). The general rule is that custody determinations are ordinarily a matter of discretion for the hearing court (*see, Gage v Gage*, 167 AD2d 332) and its determination will not be set aside or modified unless it lacks a sound and substantial basis (*see, Alfano v Alfano*, 151 AD2d 530). In the instant case, the court heard conflicting testimony from several expert witnesses as well as the testimony of the mother and the father. Brief in camera interviews with both children were conducted separately by the court wherein the children indicated a preference to stay with the mother. The court, finding that the mother intentionally interfered with the father's visitation with Catherine, transferred custody of both children to the father although the record amply demonstrated the mother's virtual total compliance with the specified visitation schedule with regard to the son.

The transfer of custody of both children to the father lacked a substantial basis, particularly since there was insufficient evidence to determine how it was in the children's best interests to be uprooted and live with the father, and more particularly, how it was in Mark's best interests. The record does not reveal any investigation into the living arrangements of either parent nor any interview with the father's current wife, her children by a prior marriage, or the father's child from a first marriage, all of whom reside with the father.

Although the appointment of a Law Guardian in a custody proceeding is discretionary (see, *Blauvelt v Blauvelt,* 219 AD2d 694), in our view, it was an improvident exercise of discretion for the court to fail to appoint Law Guardians for the children prior to the hearing. The Law Guardians would have been able to recommend alternatives for the court's consideration and to advocate for the children in these proceedings (see, *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117). Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.