■ In the Matter of CLAUDIA J. SMITH, Respondent, v JOSEPH DiFUSCO, Appellant. [724 NYS2d 337] —In a proceeding pursuant to Family Court Act article 6 to modify an order of the Family Court, Nassau County (Balkin, J.), which granted visitation to the father, the appeal is from (1) an order of the Family Court, Suffolk County (Trainor, J.), entered March 23, 2000, which, after a hearing, granted the petition and modified the father's visitation rights, and (2) an order of the same court, entered April 13, 2000, which amended the order entered March 23, 2000, by adding a provision thereto that the father would not have visitation on Mother's Day.

Ordered that the orders are affirmed, with one bill of costs.

The appellant argues that the court improvidently exercised its discretion in failing to appoint a Law Guardian for the parties' child. "[T]he appointment of a Law Guardian * * * is discretionary" (*Blauvelt v Blauvelt,* 219 AD2d 694), and "there is no requirement that the court invariably appoint a Law Guardian" (*Richard D. v Wendy P.,* 47 NY2d 943, 944). Here, while the parties discussed the possible appointment of a Law Guardian at the outset, neither party provided the Family Court with the financial data necessary to appoint a Law Guardian. Further, when the appellant was specifically asked during the proceeding whether he wanted a Law Guardian appointed for the child, he replied in the negative. When the Family Court again raised the subject of a Law Guardian the appellant remained silent.

Both parents sought a modification of the father's visitation schedule on the ground of changed circumstances, and because the child entered school. "It is the firmly established policy of this State * * * that, wherever possible, the best interests of a child lie in his [or her] being nurtured and guided by both of his [or her] natural parents" (*Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938). Here, the Family Court's decision promoted the best interests of the child by permitting him to be nurtured by both parents. Therefore it will not be disturbed. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.