■ In the Matter of JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of HELEN L.H., Respondent, v MARK L.O., Appellant. (Appeal No. 1.) [785 NYS2d 216]—

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered September 19, 2002. The order vacated three prior orders and vacated in part a prior order of commitment and an amended order of commitment in proceedings pursuant to Family Ct Act articles 6 and 10.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: We conclude that respondent's appeal must be dismissed. Contrary to the contention of respondent, he is not aggrieved by Family Court's denial of that part of his motion seeking to vacate the first ordering paragraphs of the order of commitment and amended order of commitment (*see generally* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; *Matter of Brown v Starkweather*, 197 AD2d 840, 841 [1993], *lv denied* 82 NY2d 653 [1993]). Those ordering paragraphs sentenced respondent to a period of incarceration of 102 days, and respondent had already served that sentence by the time of the instant motion. In any event, we further note that the court granted that part of the motion of respondent seeking to vacate the order finding him in violation of the order of protection and sentencing him to the term of incarceration set forth in the order of commitment and amended order of commitment. Thus, respondent is not aggrieved by the court's failure also to vacate the first ordering paragraphs of the order of commitment and amended order of

commitment, which were implicitly vacated upon vacatur of the underlying order finding him in violation of the order of protection. The record establishes that respondent otherwise received the precise relief requested in his motion to vacate, and thus respondent is not an aggrieved party. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.