■ In the Matter of GAITREE BALRAM, Respondent, v LATCHMAN BALRAM, Appellant. [861 NYS2d 826]—

Spain, J. Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered May 15, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior custody order.

In 2005, after allegations surfaced that respondent (hereinafter the father), then married to petitioner (hereinafter the mother), had been sexually abusing the mother's teenage daughter for years, he went on a rampage in which he imprisoned and terrorized the mother, her two daughters and the toddler son of the parties. Upon the parties' consent, an order of custody was entered in Family Court, Schenectady County, in which the mother was awarded "sole legal and physical custody" of their son, and the father was to have no contact with the son except an option to write a monthly letter and to be sent pictures. The father was thereafter convicted in County Court of sodomizing and raping his stepdaughter and imprisoning the family and he was sentenced to 40 years in prison. The conviction and sentence were affirmed on appeal (*People v Balram*, 47 AD3d 1014 [2008]). As part of that sentence, County Court issued an order of protection in favor of the son, the mother and her daughters prohibiting the father from having any contact in any form with them until 2050. After a trial, Supreme Court in Schenectady County awarded the mother a divorce, incorporating into the judgment both the custody order (allowing limited contact) and the criminal court order of protection (prohibiting all contact).

To reconcile the inconsistency, the mother commenced the instant proceeding in Family Court to modify the custody order. After a hearing at which the mother appeared pro se and the father was represented by counsel and participated from prison via telephone, the court granted the requested modification to the custody order so as to prohibit "all contact whatsoever" by the father with the son. The father now appeals, raising several arguments, most for the first time on appeal, and none has merit.

We begin by noting that notwithstanding Family Court's modification of the custody order, the criminal court order of protection itself—which is not before us on this appeal—remains in effect and prohibits all contact. At the Family Court hearing, the father and his attorney recognized that the earlier custody order could not be reconciled with the order of protection, and challenged only whether that order of protection had been tampered with by adding the son's and the other family members' names to the teenage victim's name after it was signed by County Court. The father then accepted Family Court's report of its verification confirming that the original signed order had been in favor of all five victims, including the son.

Although generally an evidentiary hearing is necessary to

determine whether modification of a prior custody order is warranted (*see Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]; *Matter of Folsom v Folsom*, 12 AD3d 962, 962 [2004]; *cf. Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 183 [1994]), the father did not request an evidentiary hearing, and none was required on these facts given that Family Court had sufficient, uncontroverted information before it to independently rule on the petition and the son's best interests (*see Matter of Anthony MM. v Rena LL.*, 34 AD3d at 1172; *Matter of Victoria X.*, 34 AD3d 1117, 1118 [2006], *lv denied* 8 NY3d 806 [2007]; *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822 [1990]), namely the judgment of conviction and binding order of protection, and there were no disputed factual issues to resolve. Nor did the father assert the mother's failure to allege or document a change of circumstances in her modification petition (*see Matter of Mabie v O'Dell*, 48 AD3d 988, 989 [2008]) and, in any event, the subsequent criminal convictions and order of protection certainly constituted the requisite unrefuted change in circumstances warranting the modification. Further, Family Court did not improperly delegate its authority to determine custody matters (*cf. Matter of Covington v Coleman*, 34 AD3d 1107, 1108 [2006]) but, rather, determined that it was appropriate and necessary to modify the prior custody order given the subsequent criminal court order precluding all contact. We have reviewed the father's remaining claims, including that he did not receive the effective assistance of counsel (*see Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]; *see also* Family Ct Act §§ 261, 262 [a] [iii]), and find none to be meritorious.

Peters, J.P., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.