■ In the Matter of KAHLIL S., an Infant. ERIE COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent; MAMIE W.-K., Appellant. (Appeal No. 1.) [876 NYS2d 310]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered October 12, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order determined that posttermination contact between respondent and her child was not in the child's best interests.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: We previously modified orders terminating respondent mother's parental rights with respect to each child pursuant to Social Services Law § 384-b (4) (c) by remitting the matters to Family Court for a hearing to determine whether posttermination contact between the mother and her children was in the best interests of the children (*Matter of Kahlil S.*, 35 AD3d 1164, 1166 [2006], *lv dismissed* 8 NY3d 977 [2007]; *Matter of Terrell Z.*, 35 AD3d 1166 [2006]). Upon remittal, the court determined in the order that is the subject of appeal No. 1 that posttermination contact with the mother would interfere with the pending adoption of one of the children and thus was not in his best interests. In the order that is the subject of appeal No. 2, however, the court granted the mother "reasonable" posttermination visitation with the other child. Addressing first the order in appeal No. 2, we conclude that appeal No. 2 must be dismissed because the mother is not aggrieved by that part of the order granting her visitation with the child (*see generally* CPLR 5511; *Matter of Saafir A.M.*, 28 AD3d 1217 [2006]; *Matter of Jefferson County Dept. of Social Servs. v Mark L.O.*, 12 AD3d 1037 [2004], *lv dismissed* 4 NY3d 794 [2005]).

With respect to the order in appeal No. 1, the mother contends that the court refused to grant her posttermination contact with that child based on the unsworn statements of the caseworkers for petitioner made during a "postdisposition review" from which the mother was excluded. We reject that contention. The record establishes that the court's determination that posttermination visitation with the mother was not in the best interests of the child is properly based on evidence pre-

sented at the dispositional hearing (*see generally Matter of Alyshia M.R.*, 53 AD3d 1060, 1061 [2008], *lv denied* 11 NY3d 707 [2008]), at which the mother was afforded the opportunity to present evidence in support of posttermination visitation with the child and to controvert the evidence against her. Indeed, the mother cross-examined each of petitioner's witnesses with respect to whether her contact with the child would interfere with the adoption process (*cf. Matter of Folsom v Folsom*, 262 AD2d 875 [1999]; *see generally Matter of Heintz v Heintz*, 28 AD3d 1154 [2006]). Finally, the mother's contention concerning visitation between the children is raised for the first time on appeal and thus is not preserved for our review (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.