In the Matter of ZANNA E. and Another, Children Alleged to be Abused and/or Neglected. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ILA E., Respondent; ALAN E., Appellant. CHRISTINE M. VALKENBURGH, ESQ., Attorney for the Child AUTUMN C.-E., Appellant. [908 NYS2d 313]—

Appeals from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered February 23, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Alan E. had abused Autumn C.-E. and derivatively neglected Zanna E.

It is hereby ordered that said appeal taken by the Attorney for the Child Autumn C.-E. is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent father and the Attorney for the Child Autumn C.-E. (stepdaughter) each appeal from an order determining that the father abused his stepdaughter and derivatively neglected his daughter. We conclude at the outset that the appeal taken by the stepdaughter's attorney must be dismissed. The stepdaughter testified at the fact-finding hearing that she was sexually abused by the father, and she therefore is not aggrieved by the dispositional order determining that such abuse occurred (*see generally Matter of Kahlil S.,* 60 AD3d 1450 [2009], *lv dismissed* 12 NY3d 898 [2009]). Further, even assuming, arguendo, that the daughter is aggrieved by the determination, we conclude that she is not entitled to seek affirmative relief inasmuch as her attorney did not take an appeal from the order (*see Matter of Simonds v Kirkland,* 67 AD3d 1481, 1483 [2009]; *see also Bielli v Bielli,* 60 AD3d 1487 [2009], *lv dismissed* 12 NY3d 896 [2009]; *see generally Hecht v City of New York,* 60 NY2d 57, 63 [1983]).

Contrary to the contention of the father, the determination is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). "The determination of Family Court is entitled to great weight and should not be disturbed 'unless clearly unsupported by the record' " (*Matter of Stephanie B.*, 245 AD2d 1062, 1062 [1997]; *see Matter of Merrick T.*, 55 AD3d 1318 [2008]), which is not the case here. Indeed, the determination is supported by, inter alia, DNA evidence establishing that the father's sperm and seminal material were found on the stepdaughter's shorts. Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.