■ In the Matter of JAMES COLE, Respondent, v JENNIFER COLE, Appellant. (And Another Related Proceeding.) [931 NYS2d 267]—

Garry, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons (born in 2007 and 2008). In June 2010, the father filed a petition for custody of the children. He thereafter left the marital residence at the home of the maternal grandmother, and relocated to the paternal grandmother's home. In July 2010, the mother filed a petition seeking custody of the children. At the initial appearance, Family Court assigned an attorney for the children and temporarily ordered joint legal custody of the children with physical custody to the mother and, when the mother was working, childcare provided by the father at the maternal grandmother's home. At the next appearance, the father requested shared physical custody of the children and Family Court granted this as to weekends, when the mother was working. At the third and final appearance, in November 2010, Family Court issued a final order essentially based upon this same arrangement.

The mother appeals, arguing that Family Court erred by issuing a final order without conducting a hearing or engaging in other formalities such as placing stipulations or consent of the parties upon the record. An evidentiary hearing is generally necessary to determine custody matters, but it is not obligatory where, as here, no request is made and " 'the court has sufficient information to undertake a comprehensive independent review of the [children's] best interests' " (*Matter of Giovanni v Hall*, 86 AD3d 676, 677 [2011], quoting *Matter of Twiss v Brennan*, 82 AD3d 1533, 1534 [2011]; *see Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822 [1990]). Although no sworn testimony was taken, all three ap-

pearances before Family Court were attended by each of the parents, their respective attorneys, and both grandmothers, and the court invited and received input from all involved. The attorney for the children attended the two later appearances, and advocated a position based on interviews with the mother, her employer, the father and various service providers for the children. Further, the Chemung County Department of Social Services provided Family Court with a report assessing the needs of the children and the current family circumstances. The two parents, with the support of the two grandmothers, were essentially collaborating relative to the matters of sharing time and the responsibilities of caring for their children during the course of the proceedings, and Family Court found this structure in the best interests of the children. Although the mother was represented by counsel at all three appearances, at no time did she or her counsel request a hearing or other formalities. Upon review, we find that Family Court had sufficient information before it to support the determination (*see Matter of Balram v Balram*, 53 AD3d 808, 809-810 [2008], *lv denied* 11 NY3d 708 [2008]; *Matter of Beverly v Bredice*, 299 AD2d 747, 748 [2002]).

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.