■ In the Matter of Gregory Neely, Appellant, v Theresa I. Primus, Respondent. (Proceeding No. 1.) In the Matter of

THERESA I. PRIMUS, Respondent, v GREGORY NEELY, Appellant. (Proceeding No. 2.) [955 NYS2d 132]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated July 26, 2011, as, after a hearing, denied, as academic, his petition to prohibit the mother from relocating to Monroe, New York, with the subject children, and fixed a visitation schedule.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 31, 2008, the parties entered into a stipulation of settlement in which they agreed to share joint legal custody of their two children. Under the terms of the stipulation, the mother was to have residential custody of the children, and the father was to have visitation, inter alia, on Wednesday evenings and alternate weekends. The stipulation of settlement was incorporated but not merged in the parties' ensuing judgment of divorce.

In June 2010, the mother moved with the children to Monroe, New York. The father admits that he consented to the relocation, provided that his visitation with the children would "remain intact pursuant to the stipulation of settlement and judgment of divorce." However, the father thereafter filed petitions in the Family Court to prevent the relocation and enforce the parties' original visitation schedule, and the mother moved in the Supreme Court, Nassau County, for an order of protection against the father. When the parties appeared before the Supreme Court on August 5, 2010, the court encouraged them to try to agree upon a more convenient location to drop off and pick up the children for visitation than the mother's former residence in Brooklyn. The parties then entered into a stipulation agreeing to change the drop-off and pick-up location, and move the father's pick-up times to later in the evening. At a subsequent appearance in Family Court on March 14, 2011, after a discussion with the attorneys for the parties, the Family Court changed the pick-up location for the father's Wednesday evening visits with the children. The Family Court subsequently conducted a hearing on the issue of visitation, and established a new visitation schedule which left the father's Wednesday evening and alternate weekend visitation intact, but changed the location where the father was to drop off the children after weekend visits in an effort to equalize the distance each parent would drive.

Contrary to the father's contention, under the circumstances of this case, the Family Court was not required to hold a hearing to determine whether relocation was in the best interests of the children. The record establishes that the father consented to the relocation upon the condition that his visitation with the children remain intact, and that he thereafter voluntarily entered into a stipulation on August 5, 2010, which changed the location for the drop-off and pick-up of the children, and moved his pick-up times to later in the evening. The father's claim that the condition upon which he consented to relocation was effectively destroyed on March 14, 2011, when the Family Court changed the pick-up location for his Wednesday evening visits, is without merit. The change in the Wednesday evening pick-up location did not materially impair the father's visitation rights.

Furthermore, the Family Court providently exercised its discretion (see *Matter of Thomas v Thomas*, 35 AD3d 868 [2006]) in establishing a new visitation schedule after the hearing, which adhered to the original visitation schedule set forth in the stipulation of settlement and judgment of divorce as closely as possible while attempting to equitably apportion driving time between the parties. As the Family Court's visitation determination has a sound and substantial basis in the record, it should not be disturbed (see *Matter of Holmes v Glover*, 68 AD3d 868 [2009]).

We find no record support for the father's contentions that the Judicial Hearing Officer exhibited bias, partiality, and prejudice against him in these proceedings. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.