■ In the Matter of MARY GG., Respondent, v ALICIA GG., Respondent, and RALPH HH., Appellant. (Proceeding No. 1.) In the Matter of RALPH HH., Appellant, v MARY GG., Respondent. (Proceeding No. 2.) [966 NYS2d 569]—

McCarthy, J. Appeals (1) from an order of the Family Court of Ulster County (Lalor, J.H.O.), entered May 16, 2012, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of her grandchild, and (2) from an order of said court (McGinty, J.), entered October 5, 2012, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Ralph HH. (hereinafter the father) and respondent Alicia GG. (hereinafter the mother) are the parents of one son (born in 2009). Mary GG. (hereinafter the grandmother), the child's

maternal grandmother, commenced proceeding No. 1 seeking custody of the child, alleging that the father was incarcerated and the mother was often intoxicated while caring for the child and allowed her dangerous boyfriend to be in the child's presence. At the initial appearance, the mother consented to the grandmother being awarded custody. The father appeared telephonically from prison and was represented by counsel, who was present in court. Family Court (Lalor, J.H.O.) was informed that an order of protection issued by County Court in a criminal proceeding prohibited the father from having any contact with the mother or child until March 2018. The father stated that he was trying to get the order of protection modified to allow him access to his son, and that he did not know what was going on because he was in prison. Family Court indicated an intention to grant the grandmother's petition, but the attorney for the child stated that he could not consent because he had not yet met with the child. The court then set a return date, but dispensed with the mother's appearance because she had already consented to the relief requested and dispensed with the father's appearance because he was in prison and subject to a permanent order of protection. On the return date, the grandmother appeared, as did the attorney for the child, who consented to the relief requested. The court granted custody to the grandmother with visitation to the mother. The father appeals from this order.

Three months after the order was entered, the father commenced proceeding No. 2 seeking to modify that order by granting him visitation. Family Court (McGinty, J.) dismissed the petition without a hearing or appearance. The father appeals from that order as well.

Family Court (Lalor, J.H.O.) did not deprive the father of due process when it granted the grandmother's petition. Contrary to the father's argument, he was not excluded from participating in a hearing, as no hearing was held. Neither the father nor his counsel objected when the court dispensed with the father's appearance, nor did either of them request a hearing. Counsel correctly noted that the County Court order of protection forbade the father from having any contact with his son and that Family Court had no jurisdiction to modify that order. The grandmother adequately alleged extraordinary circumstances, namely that neither parent was capable of caring for the child, and these allegations were not contested; the mother acknowledged that she was presently unable to care for the child and agreed to the relief requested, and the father was in prison and subject to a stay-away order of protection. While a hearing is

generally necessary for a court to determine a custody petition, "the father did not request an evidentiary hearing, and none was required on these facts given that Family Court had sufficient, uncontroverted information before it to independently rule on the petition and the son's best interests . . . , and there were no disputed factual issues to resolve" (*Matter of Balram v Balram*, 53 AD3d 808, 810 [2008], *lv denied* 11 NY3d 708 [2008]; *see Matter of Cole v Cole*, 88 AD3d 1104, 1104-1105 [2011]; *Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]).

Family Court (McGinty, J.) properly dismissed the father's visitation petition without a hearing. Initially, the petition was facially invalid because it failed to allege a change in circumstances since the entry of the prior order (*see Matter of Glazier v Brightly*, 81 AD3d 1197, 1198 [2011]; *Matter of Fielding v Fielding*, 41 AD3d 929, 930 [2007]; *Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]). Additionally, a hearing was unnecessary because Family Court had uncontroverted information before it regarding the child's best interests, namely that it could not grant the father visitation in light of the County Court order of protection requiring him to stay away from the child until 2018 (*see Matter of Secrist v Brown*, 83 AD3d 1399, 1400 [2011], *lv denied* 17 NY3d 706 [2011]; *Matter of Balram v Balram*, 53 AD3d at 810; *Matter of Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]). The father's remaining arguments are without merit.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.