Rose, J.
Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered May 25, 2012, which partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties are the parents of two sons (born in 2007 and 2008). In October 2011, we affirmed an order of Family Court granting a request by respondent (hereinafter the father) for, among other things, joint legal custody of the children (Matter of Cole v Cole, 88 AD3d 1104, 1104-1105 [2011]). Further proceedings resulted in a March 2012 order of Family Court that included a provision for the father’s additional visitation. One week later, petitioner (hereinafter the mother) commenced this proceeding to modify the terms of the father’s visitation. The parties appeared before Family Court and, without holding *1172 a hearing, the court determined that the visitation schedule set forth in the March 2012 order should continue unaltered. The mother now appeals, arguing that Family Court erred by determining the matter without holding a fact-finding hearing.
While this appeal was pending, the parties entered into a consent order in December 2012, modifying the order from which the mother appeals. The consent order indicates that the parties appeared with their respective attorneys and “entered into ... a mutually agreed settlement of any and all then pending petitions.” Pursuant to the parties’ agreement, Family Court (Morris, J.) ordered that, among other things, the father would have alternate weekend “parenting time.” Inasmuch as the mother’s arguments on this appeal are addressed solely to the father’s visitation rights and the subsequent consent order is similarly addressed to further redefining those rights, this appeal is moot (see Matter of Rolston v Decker, 94 AD3d 1264, 1264 [2012]; Matter of Yishak v Ashera, 68 AD3d 1282, 1284 [2009]; Matter of Carella v Ferrara, 9 AD3d 605, 605 [2004]; Matter of Rebecca O. v Todd P., 309 AD2d 982, 983 [2003]).
Stein, J.P, McCarthy and Egan Jr., JJ., concur.
Ordered that the appeal is dismissed, as moot, without costs.