Matter of Aaren F. (Amber S.) (2020 NY Slip Op 01739)





Matter of Aaren F. (Amber S.)


2020 NY Slip Op 01739


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


52 CAF 17-01249

[*1]IN THE MATTER OF AAREN F. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; AMBER S., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
NICHOLAS G. LOCICERO, BUFFALO, FOR PETITIONER-RESPONDENT.
JOSEPH J. SCINTA, JR., ORCHARD PARK, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered February 28, 2017 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had derivatively abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the order determining that the child was derivatively abused and substituting therefor a determination that the child was derivatively neglected, and as modified the order is affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent mother appeals from three orders determining that, inter alia, she abused one child (appeal No. 2), derivatively abused a second child (appeal No. 1), and derivatively neglected a third child (appeal No. 3). As a preliminary matter, we note that, in its bench decision, Family Court determined that the child in appeal No. 1 was derivatively neglected. Inasmuch as there is a conflict between the decision and the order in appeal No. 1, that order must be conformed to the decision (see Matter of Esposito v Magill, 140 AD3d 1772, 1773 [4th Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Edward V., 204 AD2d 1060, 1061 [4th Dept 1994]; see generally CPLR 5019 [a]). We therefore modify the order in appeal No. 1 by vacating that part of the order determining that the child was derivatively abused and substituting therefor a determination that the child was derivatively neglected.
Contrary to the mother's contention in appeal No. 2, petitioner established by a preponderance of the evidence that she abused the child who is the subject of the order in that appeal (see Family Ct Act § 1046 [b] [i]). The evidence included testimony from the child's father that the child had no injuries before the child was taken to the mother's house for weekend visitation and that, when he picked up the child several days later, there were bruises and scars on the child's body. A pediatric nurse and one of petitioner's caseworkers testified that the child eventually disclosed that the mother had inflicted his injuries with a belt and that the mother had coached him to blame the father's wife. The court found the testimony of petitioner's witnesses to be credible and the testimony of the mother incredible, and we see no reason to disturb the court's credibility determinations inasmuch as they are supported by the record (see Matter of Alesha P. [Audrey B.], 112 AD3d 1369, 1369 [4th Dept 2013]; Matter of Zanna E. [Ila E.], 77 AD3d 1364, 1365 [4th Dept 2010]).
We conclude, contrary to the mother's further contention in appeal No. 2, that the court properly determined that the "persisting" scarring of the wounds inflicted on the subject child constituted protracted disfigurement within the meaning of Family Court Act § 1012 (e) (see [*2]Matter of A.J., 17 Misc 3d 631, 640 [Fam Ct, Queens County 2007]; Matter of Roy T., 126 Misc 2d 172, 175 [Fam Ct, Monroe County 1984]). We reject the mother's contention in appeal No. 2 that the court abused its discretion in limiting her testimony, on the ground that it was not relevant, concerning a bruise she had seen on the subject child's back six to eight months before the incident that gave rise to this proceeding (see generally Matter of Canfield v McCree, 90 AD3d 1653, 1654 [4th Dept 2011]).
We reject the mother's contention in appeal Nos. 1 and 3 that the court erred in finding that the mother derivatively neglected the children who are the subjects of the orders in those appeals. A finding of derivative neglect is appropriate "where the evidence with respect to the child found to be abused or neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care" (Matter of Alexia J. [Christopher W.], 126 AD3d 1547, 1548 [4th Dept 2015] [internal quotation marks omitted]). Here, the pediatric nurse testified that, days after the injuries were inflicted on the child in appeal No. 2, she counted the loop-shaped marks on the body of that child and determined that the child may have been struck as many as 26 times. We conclude that the mother's prolonged beating of the child who is the subject of the order in appeal No. 2 "can be said to evidence fundamental flaws in the [mother's] understanding of the duties of parenthood" (Matter of Angel L.H. [Melissa H.], 85 AD3d 1637, 1637-1638 [4th Dept 2011], lv denied 17 NY3d 711 [2011] [internal quotation marks omitted]), thus warranting a finding of derivative neglect with respect to the children in appeal Nos. 1 and 3.
Finally, we reject the mother's contention in all three appeals that the court's destruction of certain trial exhibits precludes adequate appellate review inasmuch as "the information in the missing exhibit[s] can be gleaned from the record and there is no dispute as to [the] accuracy" of that information (People v Yavru-Sakuk, 98 NY2d
56, 60 [2002]; see Matter of Daniel BB., 26 AD3d 687, 688 [3d Dept
2006]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court