Matter of Jesse U. v Dakota V. (2022 NY Slip Op 01075)





Matter of Jesse U. v Dakota V.


2022 NY Slip Op 01075


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

532045 532520
[*1]In the Matter of Jesse U., Respondent,
v
Dakota ., Respondent. Attorney for the Child, Appellant. (Proceeding No. 1.)
In the Matter of Eva U., Alleged to be a Neglected Child. Schoharie County Department of Social Services, Petitioner; Dakota V., Respondent. Attorney for the Child, Appellant. (Proceeding No. 2.) (And Other Related Proceedings.)

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Veronica Reed, Schenectady, attorney for the child, appellant.
Leah Walker Casey, Schenectady, for Jesse U., respondent.
Barrett D. Mack, Albany, for Matthew ZZ., interested party.



Clark, J.
Appeals (1) from an order of the Family Court of Schoharie County (Bartlett III, J.), entered July 30, 2020, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order said court, entered December 1, 2020, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondent (hereinafter the mother) and petitioner Jesse U. (hereinafter the father) are the parents of the subject child (born 2008). Pursuant to an August 2017 order of custody, the parents shared joint legal custody with primary physical placement to the mother and certain visitation to the father. In March 2019, the father filed a petition to modify that order based on certain allegations made by the child against the mother's fiancÉ, in whose home the mother and the child resided, and a temporary order of protection was issued ordering the mother to keep the fiancÉ away from the child. Subsequently, petitioner Schoharie County Department of Social Services filed neglect petitions against the mother and the fiancÉ, and the child was temporarily released to the father as a nonrespondent parent. The mother and the fiancÉ ultimately consented to findings of neglect without admissions and orders of protection that would continue to prohibit contact between the fiancÉ and the child, and the attorney for the child (hereinafter AFC) consented to the entry of orders to that end. Before a fact-finding hearing on the custody petition was held, the mother and the father came to an agreement whereby the father would have primary physical custody and the mother would have weekend visits every other week and certain other parenting time. Upon the parents' consent, but over the objection of the AFC, Family Court entered an order in July 2020 effectuating the agreement. The court entered a fact-finding and dispositional order as to the mother's neglect proceeding thereinafter, in December 2020. The AFC appeals from the July 2020 and December 2020 orders.[FN1]
The AFC argues that, by merely accepting the parents' agreement, Family Court abdicated its responsibility to ensure that the custodial arrangement furthers the child's best interests, and the AFC requests that the matter be remitted for a full evidentiary hearing. It is true that "an agreement between the parties is but one factor to be weighed" in a best interests analysis (Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). However, Family Court is not required to hold a hearing in every custody matter, and a hearing is not necessary where none is requested and the court has "sufficient information to undertake a comprehensive independent review of the child's best interests" (Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1152 [2021] [internal quotation marks, brackets and citation omitted]; accord Matter of Gerard P. v Paula P., 186 AD3d 934, 937 [2020]).[*2]
Here, the parties agreed to the subject custodial arrangement (compare Matter Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]), and there was no request for a hearing following Family Court's acceptance of that agreement. In addition, the court had sufficient information to consider the child's best interests, as it was aware of, among other things, the circumstances surrounding the neglect proceedings, the fact that the mother lived in the fiancÉ's residence and the child's wishes, including her desire not to change school districts. Although we are sympathetic to the child's frustration with the impact of the custodial arrangement agreed to by her parents, no hearing was required here, and we accordingly affirm (see Matter of Neely v Primus, 100 AD3d 1001, 1003 [2012]; Matter of Cole v Cole, 88 AD3d 1104, 1104-1105 [2011]; Matter of Balram v Balram, 53 AD3d 808, 809-810 [2008], lv denied 11 NY3d 708 [2008]; Matter of Jackson v Gangi, 277 AD2d 383, 384 [2000]; Matter of Hermann v Chakurmanian, 243 AD2d 1003, 1004-1005 [1997]).
Lynch, J.P., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order entered July 30, 2020 is affirmed, without costs.
ORDERED that the appeal from the order entered December 1, 2020 is dismissed, without costs.



Footnotes

Footnote 1: Family Court's July 2020 order was entered on the parents' consent but over the AFC's objection, and we agree that the child is aggrieved thereby given that she did not receive her desired outcome with respect to the custodial arrangement (see Matter of Newton v McFarlane, 174 AD3d 67, 74-75 [2019]; Matter of Rivera v LaSalle, 84 AD3d 1436, 1437 [2011]; compare Matter of Denise V.E.J. [Latonia J.], 163 AD3d 667, 669 [2018]). However, the appeal from the December 2020 order of fact-finding and disposition must be dismissed. The child is not aggrieved by the finding of neglect against the mother as the AFC consented to the entry of an order to that end (cf. Matter of Zanna E. [Ila E.], 77 AD3d 1364, 1364 [2010]; compare Matter of Tyquan J.B. [Jimmy B.], 174 AD3d 891, 892 [2019], lv denied 34 NY3d 907 [2020]), and the ordered disposition has since expired, rendering any challenge thereto moot (see Matter of Novaleigh B. [Jennifer B.], 184 AD3d 1122, 1122 [2020]; Matter of Tyquan J.B. [Jimmy B.], 174 AD3d at 892; Matter of Alexander Z. [Anne Z.], 151 AD3d 421, 421 [2017]).