Matter of Kylie P. (Carlos P.) (2023 NY Slip Op 00735)

Matter of Kylie P. (Carlos P.)

2023 NY Slip Op 00735

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

V-21839-40/16/20A Docket No. V-21839-40/16/20A Appeal No. 17288 Case No. 2022-02693 

[*1]In the Matter of Kylie P. and Another, Children Under the Age of Eighteen Years, etc., Carlos P., Petitioner-Respondent, Karen G., Respondent-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Bryan S. Greenberg, New York, attorney for the child Kylie P.

Order, Family Court, Bronx County (Robert T. Johnson, J.), entered on or about June 22, 2022, which granted petitioner father's custody modification petition on consent and incorporated the terms of a stipulation executed by the parties providing for joint custody of their two children, with primary physical residence to petitioner father and overnight visitation to respondent mother, over the objection by the attorney for the older child, unanimously affirmed, without costs.
After the court determined that there had been a change in circumstances warranting modification of the prior custody order, the parents entered into a settlement agreement, which the court incorporated into a modified custody order over the objection by the attorney for the older child. Although the attorney for the child in a custody proceeding has authority to pursue an appeal on behalf of the child, the child does not have full-party status and cannot veto a settlement reached by the parents and force a trial after the attorney for the child had a full a fair opportunity to be heard (see Matter of Newton v McFarlane, 174 AD3d 67, 72-73 [2d Dept 2019]; Matter of McDermott v Bale, 94 AD3d 1542 [4th Dept 2012]). Notwithstanding the teenage child's objections, the court had sufficient information to assess the child's best interests and on this record we find no basis to conclude that the child's preferences were not given due consideration or that the order was not in her best interests (see Matter of Jesse U. v Dakota V., 202 AD3d 1301, 1303 [3d Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023